UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Docket#** 09-cr-00663-OEM |
| - versus - | U.S. Courthouse Brooklyn, New York |
| NAJIBULLAH ZAZI, | May 29, 2025 |
| Defendant | 2:55 p.m. |

TRANSCRIPT OF CRIMINAL CAUSE FOR INITIAL APPEARANCE
RE REVOCATION OF PROBATION
BEFORE THE HONORABLE LARA K. ESHKENAZI
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

**For the Government:** **Breon S. Peace, Esq.**
United States Attorney

BY: **Nicholas Moscow, Esq.**
Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**For the Defendant:** **Thomas H. Nooter, Esq.**
Freeman, Nooter & Ginsberg
75 Maiden Lane, Suite 503
New York, NY 10038

**Transcription Service:** **Transcriptions Plus II, Inc.**
61 Beatrice Avenue
West Islip, New York 11795
RL.Transcriptions2@gmail.com

Proceedings recorded by electronic sound-recording, transcript produced by transcription service

THE CLERK: We have a Criminal Cause for Arraignment on a Violation of Supervised Release, 09-cr-663, *United States v. Najibullah Zazi*.

Counsel, starting with the government, please state your appearances for the record.

MR. MOSCOW: Good afternoon, your Honor. Nick Moscow for the United States.

THE COURT: Good afternoon.

PROBATION OFFICER: Good afternoon, your Honor. Michael Cronin for the Probation Department.

THE COURT: Good afternoon.

MR. CRONIN: Good afternoon, your Honor. Thomas Nooter. I'm a member of the CJA panel and I've been asked to be assigned because my client's former counsel has retired.

THE COURT: Good afternoon. And good afternoon, Mr. Zazi.

THE DEFENDANT: Good afternoon, ma'am.

THE COURT: Okay. I'm going to explain the purpose of today's proceedings.

Just to confirm, do you have any difficulty speaking or understanding English?

THE DEFENDANT: No, I'm fine.

THE COURT: Okay. You're here because you are charged with violating the conditions of your supervised

release. The purpose of this proceeding is to advise you of your rights and inform you of the charges in the violation report and determine whether you should continue to be released on bond with conditions or held in jail.

You do not need to -- the first right you have is the right to remain silent. You do not need to make any statements here. Any statements you do make, however, other than privately to your attorney seated next to you, may be used against you. If you made a statement in the past, you don't need to make one in the future. And if you start to make a statement, you can stop at any time. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: The next right you have is the right to an attorney for all proceedings related to this matter. I've reviewed the financial affidavit here and I have appointed Mr. Nooter seated next to you as your attorney. If at any point in these proceedings you need to consult with him, you may do so. Do you understand?

THE DEFENDANT: Thank you, your Honor.

THE COURT: Okay. I'm now going to go through the charges. The violation report contains three charges.

Charge one is unauthorized contact of terrorist

organization. You violated the condition of knowingly having contact with individuals or organizations that are affiliated with foreign terrorist organizations.

Charge two is also an unauthorized contact being a prior convicted felon that you must not communicate or contact anyone you know who's engaged in criminal activity. And if you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of a probation officer.

And Count 3 charges you with violating the requirement of reporting law enforcement contact, that if you are arrested or questioned by a law enforcement officer, you are to notify your probation officer within 72 hours and that you failed to do so.

MR. NOOTER: Your Honor, I'll just note that I have gone over the specifics of the report with my client and I think he would waive a reading of it.

THE COURT: Okay. And you're confident that your client understands the charges that have been filed against him?

MR. NOOTER: Yes, I am.

THE COURT: And does he wish to enter a plea on the charges?

MR. NOOTER: He would enter a plea of not

guilty.

THE COURT: And have you discussed the right to a preliminary hearing with him?

MR. NOOTER: Well, I think as a supervised release matter we don't have a right to a preliminary hearing. I think we have a right to a final hearing which I have discussed.

MR. MOSCOW: Your Honor, just to be clear, he would of course have a right to a preliminary hearing even as to a violation of supervised release. We don't object to taking a quick minute to discuss whether they would waive such a hearing.

MR. NOOTER: Well, I would waive such a hearing.

THE COURT: Okay. Because I think under 32.1 he has the right to a preliminary hearing, so I just want -- yes. You would waive that right?

MR. NOOTER: Yes.

THE COURT: Okay. So let me just explain what that right is to your client.

So at this point you have a right to a preliminary hearing which is also known as a probable cause hearing. At such a hearing the government would have to show that there's probable cause to believe that you committed the charges I just described to you.

Your attorney would be permitted to cross-examine any witnesses and introduce any evidence at that hearing. Such hearings are rare in this district because usually the government proceeds on a grand jury indictment.

I understand that you are waiving this right but I just want to confirm and I want to give you time if you want to discuss it with your attorney.

THE DEFENDANT: I would waive.

THE COURT: Okay. So he's waiving the right to a preliminary hearing.

Are there any victim notification issues here?

MR. NOOTER: No, your Honor.

THE COURT: Okay. And what is the government's position with respect to release or detention?

MR. MOSCOW: Your Honor, the government would respectfully request that he remain in custody at least for now. We understand the defendant is not making a bail application. The conditions of the underlying offense are such that without substantial measures in place to ensure the safety of the community, release would not be appropriate. We will be in touch with counsel regarding any applications that they may have in the future. And we have a court date before Judge Merchant June 24th at 10:30.

THE COURT: Okay. Thank you. What's defendant's position?

MR. NOOTER: Your Honor, for reasons that are different than stated by the government, we are not making an application at this time.

THE COURT: Okay. Sir, at this time I will order the detention of Mr. Zazi pending his next court date. Is there anything further from either side?

MR. MOSCOW: Nothing from the government, your Honor.

MR. NOOTER: No, your Honor. Thank you.

THE COURT: Okay. Thank you very much.

(Matter concluded)

-oOo-

**C E R T I F I C A T E**

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **September**, 2025.

Mary Greco

Transcriptions Plus II, Inc.